IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Eugene Clark**, on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**Melt Bar and Grilled Holdings, LLC**, an Ohio corporation, and **Melt Bar and Grilled, Inc.,** an Ohio corporation, collectively d/b/a "Melt Bar and Grilled,"<br><br>**Defendants.** | CASE NO.<br><br>JUDGE<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Plaintiff Eugene Clark ("Plaintiff"), individually and on behalf of all others similarly situated who are or were a current or former salary-paid Assistant Kitchen Manager ("AKM") or Manager In Training ("MIT"), by and through undersigned counsel, hereby brings suit against Defendants alleging as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime wages and all allowable damages, interest, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA") for Plaintiff individually, and as a collective action (the "Collective Action") for Plaintiff and all current or former AKMs or MITs who worked more than 40 hours as a salary-paid AKM or MIT in any workweek at any of Defendants' locations, for which workweek the Collective Member was paid on a pay date within the period beginning three years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "FLSA relevant period"), who are eligible to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA (each a

1

"Collective Member" and collectively "Collective Members"); and for Plaintiff individually and for Plaintiff and the class of current or former AKMs or MITs as a class action for unpaid overtime wages under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01, et seq. ("Ohio MFWSA") and all allowable damages, penalties, interest, and attorney's fees and costs under Ohio law based on the factual predicate of such unpaid overtime wages (the "Class Action"), for Plaintiff and all current or former AKMs or MITs who worked more than 40 hours as a salary-paid AKM or MIT in any workweek at any of Defendants' locations, for which workweek the Plaintiff, Collective Member, or absent Class Action member was paid on a pay date within the period beginning two years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "Class Action relevant period") (collectively the "Class Action members").

## THE PARTIES

2. Plaintiff Eugene Clark ("Plaintiff") is a resident of Clark County, Ohio.

3. Plaintiff worked as an AKM for Defendants in Franklin County, Ohio, at both the Eastern and Short North Melt Bar and Grilled locations in Columbus, Ohio, after completing his salary-paid MIT program to become validated as an assistant manager at the Akron Melt Bar and Grilled location.

4. Plaintiff worked as an AKM (including his salary-paid training period as a MIT to become validated for an assistant manager position) from approximately December, 2017 until approximately August, 2018 (Plaintiff's "period of AKM employment").

5. According to its corporate filings with the Ohio Secretary of State, Defendant Melt Bar and Grilled Holdings, LLC is an Ohio corporation and may be served with process on

2

its registered agent, Keith A. Vanderburg, 6055 Rockside Woods Blvd - #200, Cleveland, OH 44131, within the Cleveland forum of this judicial district.

6. According to its corporate filings with the Ohio Secretary of State, Defendant Melt Bar and Grilled, Inc. is an Ohio corporation located in Lakewood, Ohio, and may be served with process on its registered agent, Melt Bar and Grilled, Inc., 14718 Detroit, Lakewood, OH 44107, within the Cleveland forum of this judicial district.

7. Defendants owned and operated 13 restaurant locations in Ohio during the FLSA relevant period using the trade name and concept of Melt Bar and Grilled.

8. Plaintiff frequently worked over 40 hours in a workweek during his period of AKM employment, and received one or more paychecks on the regularly scheduled pay dates for such workweeks within the FLSA relevant period and the Class Action relevant period that did not contain overtime premiums.

9. At all material times, Plaintiff was an "employee" as that term is defined in 29 U.S.C. § 203(e)(1) and the statutes at issue in the Class Action.

10. Defendants are Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the statutes at issue in the Class Action.

11. Defendants jointly employed Plaintiff and the Collective Members under the FLSA and the statutes at issue in the Class Action.

12. Defendants, individually and collectively, were an enterprise engaged in commerce that had annual gross sales of at least $500,000.

13. Defendants, individually and collectively, were an enterprise engaged in commerce that had annual gross volume of sales made for business done in excess of one hundred fifty thousand dollars, exclusive of excise taxes at the retail level which are separately

stated.

## DEFENDANTS ARE A SINGLE ENTERPRISE AND SINGLE EMPLOYER

14. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1) and the statutes at issue in the Class Action.

15. At all material times, Defendants performed related activities through unified operation and common control for the common business purpose of operating Melt Bar and Grilled restaurants in Ohio.

16. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of Melt Bar and Grilled restaurants within Ohio.

17. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

18. Defendants run each Melt Bar and Grilled restaurant identically, or substantially similarly, and Defendants' customers can expect the same kind of food and beverage products and service at any location operating the same Melt Bar and Grilled concept.

19. Defendants represent themselves to the general public through their website as one restaurant company, operating the Melt Bar and Grilled concept at multiple locations.[1]

20. The Melt Bar and Grilled main website allows potential job applicants to apply for employment at any of the Melt Bar and Grilled locations from the same common job application form.[2]

---

[1] http://www.meltbarandgrilled.com (last viewed March 26, 2019).
[2] https://meltbarandgrilled.com/careers (last viewed March 26, 2019).

21. Defendants share employees between restaurant locations.

22. Plaintiff himself moved between different locations during his employment as a salary-paid AKM internally classified by Defendants as exempt during the relevant period.

23. Defendants are commonly owned, in whole or in part, by Matthew K. Fish.

24. The "Melt Bar and Grilled" family of restaurants exist under the control and direction of Defendants.

25. This family of restaurants and bars provide the same service product to its customers by using a common system of internally classifying positions as exempt or non-exempt when conducting its business.

26. Part of that common system of internally classifying positions as exempt is the wage violations alleged in this complaint.

## JURISDICTION & VENUE

27. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. § 1367.

28. Venue is proper in the Cleveland forum of this judicial district under 28 U.S.C. § 1391 because Defendants operate Melt Bar and Grilled businesses in the Cleveland forum of this judicial district; Defendants operate out of the corporate headquarters for Melt Bar and Grilled located in Lakewood, Ohio, within the Cleveland forum of this judicial district; and a substantial part of the events giving rise to the claim herein occurred in the Cleveland forum of this judicial district.

29. Defendants are subject to personal jurisdiction in this judicial district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims individually and as a collective action on behalf of all Collective Members.

31. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the other Collective Members.

32. There are many similarly situated current and former Collective Members who have not been paid overtime premiums for hours worked over 40 in a workweek in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it; thus, notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

33. The similarly situated Collective Action Members are known to Defendants, are readily-identifiable, and can be located through Defendants' records.

## STATEMENT OF FACTS

34. Defendants employed Plaintiff and the Collective Members as AKMs or MITs during the FLSA relevant period and Class Action relevant period.

35. Defendants maintained control, oversight, and discretion over the operation of all of the company-owned Melt Bar and Grilled locations, including their employment practices with respect to the Collective Action Members.

36. Plaintiff's and the Collective members' work was performed in the normal course of Defendants' business and was integrated into it.

37. Consistent with the Defendants' policy, pattern and/or practice, Plaintiff and the Collective Members worked over 40 hours in one or more workweeks, but Plaintiff and the Collective Members did not receive overtime premiums on one or more regularly scheduled pay

6

dates within the relevant period for hours worked as AKMs or MITs in excess of 40 in those workweeks.

38. The work that the Plaintiff and the Collective Members performed was assigned by Defendants and/or Defendants were aware of the work that they have performed.

39. The work that Plaintiff and the Collective Members performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

40. Regardless of the Melt Bar and Grilled location at which they worked, the work that Plaintiff and the AKMs performed as part of their primary duty included:

    a. preparing food;
    b. cleaning;
    c. checking to make sure that supplies were properly shelved; and
    d. checking inventory.

41. Regardless of the Melt Bar and Grilled location at which they worked, the work that Plaintiff and the AKMs performed as part of their primary duty did not include:

    a. hiring;
    b. firing;
    c. disciplining other employees;
    d. scheduling;
    e. supervising and delegating; or
    f. exercising meaningful independent judgment and discretion.

42. Plaintiff's and the AKMs' primary duties were manual in nature and were not performed in an office.

43. The performance of manual labor duties in a kitchen occupied the majority of Plaintiff's and the AKMs' working hours.

44. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants internally classified, and paid, all of its AKM positions, including Plaintiff's and the

AKMs' positions, as exempt from the maximum hour overtime compensation requirements of the FLSA and the statutes at issue in the Class Action, throughout each statutory relevant period.

45. Upon information and belief, Defendants did not perform a person-by-person analysis of the AKMs' job duties when making the decision to classify the AKMs (and other similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA.

46. To the extent not duplicative of the preceding allegation, upon information and belief, Defendants did not perform a person-by-person analysis of the job duties of a salary-paid MIT to become validated as an assistant manager when making the decision to classify the AKMs during their MIT training period (and other similarly-situated current and former employees holding comparable assistant manager positions but different titles) as exempt from the overtime provisions of the FLSA.

47. Defendants' conduct alleged herein was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime premiums to its AKMs. Defendants knew that AKMs were not performing work that plainly and unmistakably complied with any FLSA exemption and it acted willfully or recklessly in failing to classify Plaintiff in his AKM position and other AKMs as non-exempt employees.

48. During the relevant periods, Defendants were aware or should have been aware, through its management-level employees, that Plaintiff in his AKM position and AKMs were primarily performing non-exempt duties.

49. During the relevant periods, Defendants were aware that Plaintiff and one or more AKMs worked in excess of 40 hours per workweek on one or more occasion.

50. Defendants' policy required scheduling AKMs to work in excess of 40 hours in a work week.

51. During the relevant periods, Defendants were aware that when Plaintiff and any AKM worked in excess of 40 hours per workweek, Plaintiff and each such AKM did not receive overtime pay under the FLSA or the statutes at issue in the Class Action on the regular pay dates for those workweeks.

52. During the relevant periods, Defendants knew or recklessly disregarded the fact that the FLSA and the statutes at issue in the Class Action required it to pay Plaintiff and the Collective Action Members primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

53. Defendants pay employees as salary-paid and internally classified as exempt from the overtime laws during the period of their training as a MIT.

54. Defendants knew or should have known that under 29 C.F.R. § 541.705, none of the bona fide exemptions under the FLSA could apply to Plaintiff's and the AKMs' work during their period of training as a MIT to become validated for an assistant manager position.

55. Defendant scheduled Plaintiff, and upon information and belief other MITs, to work in excess of 40 hours as a MIT in one or more workweeks.

56. During the relevant periods, Defendants were aware that Plaintiff and one or more MITs worked in excess of 40 hours per workweek on one or more occasion.

57. During the relevant periods, Defendants were aware that when Plaintiff as a MIT and any other MIT worked in excess of 40 hours per workweek, Plaintiff and each such MIT did

not receive overtime pay under the FLSA or the statutes at issue in the Class Action on the regular pay dates for those workweeks.

58. Defendants' unlawful conduct was therefore willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime premiums to AKMs and MITs.

59. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the Collective Members. This policy and pattern or practice includes but it is not limited to:

    a. willfully misclassifying Plaintiff and the Collective Members as exempt from the requirements of the FLSA, not only during their full-time AKM employment but also during their training periods as MITs to become validated for an AKM or other assistant manager position;

    b. willfully failing to pay Plaintiff and the Collective Members overtime wages for hours that they worked in excess of 40 hours per week;

    c. requiring Plaintiff and the Collective Members to perform non-exempt tasks as their primary duties; and

    d. willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities.

## FIRST CAUSE OF ACTION
### Fair Labor Standard Act – Unpaid Overtime Wages
### On Behalf of Plaintiff and the FLSA Collective

60. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

61. Defendants are subject to the coverage of the maximum hours and overtime compensation provisions of the FLSA.

62. At all relevant times, Defendants employed Plaintiff, and employed or continues to employ each of the Collective Members, within the meaning of the FLSA.

63. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed above in this Complaint.

64. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the attached consent filed contemporaneously herewith.

65. The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendants.

66. During the relevant period and continuing to the present time, Defendants had a policy and practice of not paying overtime premiums to Plaintiff and the Collective Members for hours worked in excess of 40 hours per workweek.

67. As a result of Defendants' willful failure to compensate Plaintiff and the Collective Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

68. Defendants had a policy and practice of minimizing labor costs by underfunding

11

the labor budgets for its locations, and due in part to that policy Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Members were performing non-exempt tasks as their primary duty.

69. Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Members, Defendants' actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff and the Collective Members were manual labor (not in an office) and included other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiff's and the Collective Members' job duties to ensure that they were performing exempt job duties, and Defendants' knowledge that Plaintiff and the Collective Members worked overtime hours without receiving overtime compensation, Defendants knew and/or showed reckless disregard that their conduct was prohibited by the FLSA, 29 U.S.C. § 255(a).

70. As a result of Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Members, is entitled (a) to recover from Defendants unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

71. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
**Unpaid Overtime On Behalf of Plaintiff and the Ohio Class Action Members**

72. Plaintiff and the Class Action members were subject to Defendants' common and company-wide policy and practice of internally classifying and paying Plaintiff and the Class

Action members as exempt from Ohio's statutory overtime pay provisions, resulting in failure to pay overtime at a rate of time and one-half the required regular rate, inclusive of all compensation not excludable form the regular rate calculations under applicable law.

73. Defendants employed 40 or more Class Action members whose regularly scheduled pay dates for hours worked as AKMs in one or more workweeks fell within the two-year period preceding the date of this Complaint and continuing through judgment.

74. Common questions of law and fact exist to all members of the Class Action and predominate over any questions solely affecting individual members of the Class Action, including, but not limited to:

> a. Whether Defendants unlawfully failed to fully pay the required amount of overtime compensation to members of the proposed Class Action in violation of Ohio's laws;
>
> b. The proper measure of damages sustained by the members of the proposed Class Action; and
>
> c. Whether the Court should grant declarative relief finding Defendants violated the Ohio laws at issue in the Class Action.

75. Plaintiff will fairly and adequately protect the interests of the members of the Class Action because he suffered the same common and company-wide violation, his interests are aligned with the members of the Class Action, and he has retained counsel experienced in complex wage and hour class and collective action litigation.

76. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class Action members predominate over any questions affecting only individual members of the Class Action, and because a hybrid class action for the

Class Action and FLSA collective action for FLSA claims is superior to other available methods for the fair and efficient adjudication of this litigation.

77. Defendants' common and uniform policies and practices denied the Class Action members the overtime compensation to which they were entitled.

78. The damages suffered by the individual class members are relatively small compared to the expense and burden of individual prosecution of the claims at issue in this litigation.

79. In addition, a hybrid class action for the Class Action claims and FLSA collective action for FLSA claims is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against multiple large regional corporate defendants; prosecuting more than forty identical lawsuits in various jurisdictions does not promote judicial efficiency or equity and consistency in judicial results.

80. Class certification of the Class Action is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class Action members, making appropriate declaratory relief with respect to the Class Action members.

81. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## PRAYER FOR RELIEF

Therefore, Plaintiff seeks entry of a judgment against Defendants, jointly and severally as a single enterprise and employer, finding liability under the FLSA and the statutes at issue in the

Class Action, and entering the following relief on behalf of himself and all others similarly-situated:

    A.    Designation of this action as an FLSA collective action on behalf of the Collective Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

    B.    Certification of the Class Action claims pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the Class Action;

    C.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the statutes at issue in the Class Action;

    D.    An award of unpaid wages under the FLSA and the statutes at issue in the Class Action for all hours worked as salary-paid AKMs or MITs in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay;

    E.    Equitable tolling of the FLSA statute of limitations;

    F.    A finding that Defendants' FLSA violations were willful and an award of liquidated damages;

    G.    An award of all allowable interest;

    H.    An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to the Plaintiff; and

    I.    Such other and further relief as this Court deems just and proper.

                                    Respectfully submitted,

                                    /s/ Bethany A. Hilbert

        C. Andrew Head (admitted to practice in this Court)
        Bethany A. Hilbert (admitted to practice in this Court)
        Attorneys for Plaintiff
        **HEAD LAW FIRM, LLC**
        4422 N Ravenswood Ave
        Chicago, IL 60640
        T: (404) 924-4151
        F: (404) 796-7338
        E: ahead@headlawfirm.com
        bhilbert@headlawfirm.com

### JURY TRIAL DEMANDED

Plaintiff, individually and on behalf of the FLSA Collective Action Members and the Class Action members, demands a trial by jury for all issues so triable.

        /s/ Bethany A. Hilbert
        One of the Attorneys for Plaintiff